```
1  BENJAMIN B. WAGNER
   United States Attorney
2  MICHAEL D. ANDERSON
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone: (916) 554-2755
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 2:10-CR-00501 GEB |
| | ) | |
| Plaintiff, | ) | |
| | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE |
| v. | ) | |
| | ) | |
| LUIS EDUARDO TORRES-HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

Based upon the plea agreement entered into between plaintiff United States of America and defendant Luis Eduardo Torres-Hernandez it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. §§ 982(a)(6) and 1028(b)(5), defendant Luis Eduardo Torres-Hernandez's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

       a.   Transport laptop computer, serial number 3503311-0001,
       b.   Black Dell laptop computer, serial number CNOWY040486437890380,
       c.   Grey Dell laptop computer, serial number CNOH20494864348K3346,
       d.   HP laptop computer, serial number 2CE5270R44,
       e.   One Kyocera cellular telephone,
       f.   One PMP cellular telephone,

g. One Sony cellular telephone,
h. Three Samsung cellular telephones,
i. Four Motorola cellular telephones,
j. One Virgin Mobile cellular telephone,
k. One Konaki cellular telephone,
l. One Innovative Technology cellular telephone,
m. Three Metro PCS cellular telephones,
n. One Blackberry cellular telephone,
o. Kodak Easyshare 550, serial number KCGMJ00803055,
p. Nikon 7600 Coolpix, no serial number,
q. Canon Printer Model CD1060, serial number (21) 0204206318,
r. Palm Pilot, serial number 106V13T8710M,
s. Computer printing software discs,
t. Brother multifunction printer, serial number CXSMMO1BRDO2D330,
u. Apple G4 laptop computer, serial number QT3112ZBN4M,
v. Two Samsung cellular telephones,
w. One LG cellular telephone,
x. One cutting board,
y. Sony Vaio laptop computer, serial number CXSMMO1BRDO2D330,
z. Ten thumb drives,
aa. Dell laptop computer, serial number H6Q5MC1,
bb. Canon Powershot Camera, serial number 82063053525,
cc. HP Officejet Pro printer, serial number MYMY85G831DM,
dd. USB Hub,
ee. Epson NX420 printer, serial number MC2P000453,
ff. One cutting board,
gg. One Apple IPOD,
hh. One Nokia cellular telephone,
ii. Three Samsung cellular telephones,
jj. Two Kyocera cellular telephones,
kk. Five Motorola cellular telephones,
ll. Two LG cellular telephones,
mm. Two Metro PCS cellular telephones,
nn. One Blackberry cellular telephone,
oo. Fargo card printer model 044100, serial number A4440032,
pp. Fargo card printer model X001400, no serial number,
qq. Royal Sovereign card laminator, serial number 10010318,
rr. GBC card laminator model 115, serial number 2305070188,
ss. ID Tech card reader, serial number 095201297,
tt. Large and small roll of foil paper for documents,
uu. Hologram sheets for documents, over 100 images,
vv. More than 100 Plastic document covers for lamination,
ww. Approximately 2,100 blank plastic card stock for printing documents,
xx. Photo paper, printing paper, ribbons, ink, cutting

       tools, printer cartridges, and
  yy. Photos of individuals typical of document
     manufacturing.

2. The above-listed property constitutes property used or intended to be used to commit a violation of 18 U.S.C. § 1028(a)(2).

3. Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the Department of Homeland Security, Customs and Border Protection, in its secure custody and control.

4. a. Pursuant to 18 U.S.C. §§ 982(b)(1) and 1028(g), incorporating 21 U.S.C. § 853(n), and Local Rule 171, the United States shall publish notice of the order of forfeiture. Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site [www.forfeiture.gov](www.forfeiture.gov). The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

  b. This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice,

whichever is earlier.

5. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. §§ 982(a)(6) and 1028(b)(5), in which all interests will be addressed.

Dated: April 6, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge